**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**SAVOIL KING and DOROTHY KING,**                                          **PLAINTIFFS**
for themselves and all Arkansas residents
similarly situated

**v.**                         **CASE NO: 3:14CV00183 BSM**

**HOMEWARD RESIDENTIAL, INC.**
**f/k/a American Home Mortgage**
**Servicing, Inc., OCWEN LOAN**
**SERVICING, LLC, and QBE FIRST**
**INSURANCE AGENCY, INC.**                                                       **DEFENDANTS**

## ORDER

The 12(b)(6) motions to dismiss [Doc. Nos. 22 & 23] filed by defendants QBE First Insurance Agency, Inc., Homeward Residential, Inc., and Ocwen Loan Servicing, LLC, are granted as to plaintiffs' Arkansas Deceptive Practice Act ("ADTPA") and unjust enrichment claims and denied as to plaintiffs' breach of contract claim. Accordingly, QBE is dismissed as a defendant.

I.   FACTUAL ALLEGATIONS

Viewing the record in the light most favorable to plaintiffs, the non-moving parties, the facts are as follows. Plaintiffs purchased a home in Arkansas in 1994. Complaint ¶ 34. Plaintiffs' mortgage loan was serviced by Homeward. *Id.* ¶ 37. The mortgage contract gave Homeward the right to purchase insurance for plaintiffs' home ("force-place") if plaintiffs failed to maintain insurance or the insurance purchased by plaintiffs was insufficient. *Id.* ¶ ¶ 1, 32. The contract did not require plaintiffs to place their insurance premiums in an

escrow account. *Id.* ¶ 36. Instead, plaintiffs purchased their own homeowners' insurance and sent proof of the paid premiums to Homeward. *Id.* Although plaintiffs had homeowners' insurance, in 2011, Homeward purchased insurance for plaintiffs' home from QBE with the assistance of an affiliate of Homeward, which received a commission. *Id.* ¶ 37. The insurance premium charged by QBE was highly inflated as a result of defendants' manipulation of the force-placed insurance market. *Id.* ¶¶ 32, 60, 63.

When plaintiffs learned of the force-placed insurance, they presented Homeward with proof of their existing homeowners' insurance. *Id.* ¶ 38. Notwithstanding this, for two years, plaintiffs were forced to pay premiums to both their insurer and to QBE. *Id.* ¶ 39, 40. In 2013, Homeward transferred plaintiffs' mortgage loan servicing to Ocwen, which eventually allowed plaintiffs to drop the force-placed insurance coverage. *Id.* ¶ 41.

Plaintiffs filed this lawsuit alleging violation of the ADTPA and unjust enrichment. Defendants move to dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered.

*Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

### III.   DISCUSSION

A.   ADTPA Claim

Plaintiffs' ADTPA claim is dismissed because the ADTPA does not apply to actions or transactions permitted under laws administered by the Arkansas Insurance Commissioner or by any other officer or regulatory body acting under state or federal statutory authority. *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 5:10CV00032 JLH, 2010 WL 2573196, at *4 (E.D. Ark. June 22, 2010) (citing Ark. Code Ann. § 4-88-101(3)).  This exception to the ADTPA applies to all insurance activities in the State of Arkansas, whether permissible or not. *Id.*  Plaintiffs allege that the practices employed by defendants in their force-placed insurance scheme subjected plaintiffs to excessive insurance premiums.  The ADTPA does not apply to these actions because they relate to activities that are excepted from the statute.

B.   Unjust Enrichment Claim

An unjust enrichment claim usually does not apply when an express written contract exists.  *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005).  Exceptions to this general rule may arise when an express contract is void or does not provide an answer.  *See Campbell v. Asbury Auto., Inc.*, 381 S.W.3d 21, 37 (Ark. 2011); *see also Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir.1996) (noting that an exception may arise if an express contract does not fully address a subject).

   *1. Plaintiffs' claim is dismissed against Homeward and Ocwen*

Unjust enrichment claims must generally be dismissed in a force-placed insurance

lawsuit against a mortgage company when it is undisputed that the mortgage contract was valid and enforceable. *See Gallo v. PHH Mortgage Corp.*, 916 F. Supp. 2d 537, 553-54 (D.N.J. 2012). The existence of a valid mortgage contract between Homeward and plaintiffs is undisputed and plaintiffs concede that the force-placed insurance was obtained pursuant to that contract. Therefore, plaintiffs' unjust enrichment claim against Homeward and Ocwen is dismissed for failure to state a claim upon which relief may be granted.

### 2. Plaintiffs' claim is dismissed against QBE

Plaintiffs cannot recover against QBE on their unjust enrichment claim because Homeward purchased force-placed insurance from QBE pursuant to a valid contract with plaintiffs. Indeed, the existence of a valid and enforceable written contract usually precludes recovery in quasi-contract, even against a third party. *See Servewell*, 210 S.W.3d at 112. Therefore, plaintiffs' unjust enrichment claim against QBE is dismissed for failure to state a claim upon which relief may be granted.

### 3. Breach of Contract

Plaintiffs have stated a breach of contract claim against Homeward and Ocwen. This is true because it is undisputed that plaintiffs and Homeward had a valid contract that Ocwen assumed. It is clear that plaintiffs are actually alleging that Homeward and Ocwen breached their contractual obligations.

A complaint should not be dismissed merely because its allegations do not support the legal theory advanced when its allegations provide for relief on anoher theory. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848-49 (8th Cir. 2014). Under the

4

notice pleading standard, plaintiffs are not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *See Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir.1999). The allegations in a complaint, not the legal theories of recovery identified therein, must be viewed to determine whether a complaint has provided the necessary notice contemplated by the federal rules. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002).

The complaint alleges that Homeward force-placed insurance on plaintiffs' home while plaintiffs already had homeowners' insurance in place. The complaint also alleges that Homeward improperly chose QBE as the force-placed insurer although QBE's premiums were excessively higher than those of other existing insurers. Finally, it alleges that Ocwen assumed Homeward's contractual obligations. Accepting these allegations as true, plaintiffs have sufficiently alleged that Homeward breached its contract with plaintiffs and that Ocwen assumed Homeward's obligations.

### 4. *Filed Rate Doctrine*

Contrary to defendants' assertions, plaintiffs' claims are not barred by the filed rate doctrine. The filed rate doctrine (1) preserves a regulating agency's authority to determine the reasonableness of rates, and (2) insures that regulated entities charge only those rates that the agency has approved. *Id.; H.J. Inc. v. Nw. Bell Tel. Co.*, 954 F.2d 485, 488 (8th Cir. 1992). These two issues are not implicated by plaintiffs' breach of contract claim because plaintiffs are not challenging insurance rates. They are merely challenging (1) Homeward's decision to force-place insurance on their property when they already had insurance, and (2)

Homeward's decision to purchase insurance from QBE when the premiums charged by QBE were excessively higher than the premiums charged by other insurers.

## IV.  CONCLUSION

For these reasons, the motions to dismiss [Doc. Nos. 22 & 23] filed by QBE, Homeward, and Ocwen are granted as to plaintiffs' ADTPA and unjust enrichment claims, and these claims are dismissed with prejudice.  The motion filed by Homeward and Ocwen [Doc. No. 23], however, is denied as to plaintiffs' breach of contract claim.  QBE is therefore dismissed and Homeward and Ocwen remain defendants as to plaintiffs' breach of contract claim.

IT IS SO ORDERED this 18th day of November 2014.

_____
UNITED STATES DISTRICT JUDGE