IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SAVOIL KING and DOROTHY KING,                                            PLAINTIFFS
for themselves and all Arkansas residents
similarly situated

v.                            CASE NO: 3:14CV00183 BSM

HOMEWARD RESIDENTIAL, INC., et al.                                       DEFENDANTS

## ORDER

Based on the record and the representations made during the conference of March 13, 2015, plaintiffs Savoil and Dorothy King's first amended class action complaint [Doc. No. 49] is dismissed and the Kings' motions to certify class and to appoint interim counsel [Doc. Nos. 39 & 45] are denied. Finally, the Kings' motion for relief [Doc. No. 55] is denied.

The Kings acknowledge that their mortgage contract, which is assigned to a third-party REMIC trust, created Homeward's right to purchase force-placed insurance. *Compare* Memorandum in Support of Motion, Doc. No. 55 (identifying a REMIC trust as the ultimate assignee of the Kings mortgage contract), *with* Class Action Complaint, ¶ 32, Doc. No. 2 (acknowledging defendants' rights to force place insurance pursuant to the mortgage contract). Although there is no contract between the Kings and Homeward, the uncontested mortgage contract between the Kings and the REMIC trust precludes the Kings' unjust enrichment claims against all defendants. *See King v. Homeward Residential, Inc.*, No. 3:14CV00183 BSM, 2014 WL 6485665, at *2 (E.D. Ark. Nov. 18, 2014) (holding that the existence of a valid and enforceable written contract governing a particular subject matter

ordinarily precludes recovery in quasi-contract for claims arising out of the same subject matter, even against a third party).  Therefore, there is nothing to be tried in this court and dismissal is appropriate.

    IT IS SO ORDERED this 13th day of April 2015.

_____
UNITED STATES DISTRICT JUDGE