# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**SAVOIL KING and DOROTHY KING,**                               **PLAINTIFFS**
for themselves and all Arkansas residents
similarly situated

v.                          CASE NO: 3:14-CV-00183 BSM

**HOMEWARD RESIDENTIAL, INC. and**
**OCWEN LOAN SERVICING, LLC**                                   **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 121] is denied because summary judgment is appropriate only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986).

Plaintiffs Savoil and Dorothy King filed this lawsuit on behalf of themselves and potential class members. Since filing this case, Mr. King has passed away, but Ms. King continues to pursue her claims. Class certification was recently denied. *See* Doc. No. 149.

Defendants Homeward Residential, Inc. ("Homeward") and Ocwen Loan Servicing, LLC ("Ocwen") move for summary judgment claiming that King has been made whole because she has been reimbursed for the cost of the force place insurance that was placed on her account. King appears to admit that Homeward refunded the charges for insurance premiums. Doc. No. 138, at 3 ("Defendants only returned the money it had taken from Dr. King after wrongfully force-placing insurance on her on two separate occasions, and after she was forced to file this lawsuit against them to get them to stop."). Nonetheless, King

asserts that she is also entitled to interest on the money wrongfully charged because "a 'full' refund is not 'full' compensation unless it comes with compensation for the lost time value of the money." *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *4 (W.D. Wash. Mar. 23, 2015). King is also seeking punitive damages. Second Am. Class Action Compl., Doc. No. 110, at 18.

Defendants' motion for summary judgment based on the assertion that King has been made whole is denied because defendants have not addressed whether King is entitled to interest and punitive damages. In one instance, King was charged for force place insurance beginning on August 18, 2012, which was not refunded until August 4, 2014. Def.'s Statement of Material Fact ¶¶ 6–7, Doc. No. 123. Defendants wrongfully kept King's money for almost two years before returning it. A "wrongdoer should not be allowed to use the withheld benefits or retain interest earned on the funds during the time of the dispute." *Christianson v. Poly-Am., Inc. Med. Ben. Plan*, 412 F.3d 935, 941 (8th Cir. 2005). This is true under theories of both unjust enrichment and conversion. *See id.*; *Cobb v. PayLease LLC*, 34 F. Supp. 3d 976, 988–89 (D. Minn. 2014); *First Nat'l Bank of Brinkley v. Frey*, 668 S.W.2d 533, 535 (Ark. 1984).

Defendants also move for summary judgment based on the assertion that King is attempting to hold Ocwen liable merely because it purchased Homeward. They assert that summary judgment is appropriate because Ocwen Loan Servicing LLC is not the entity that purchased Homeward and because legally distinct corporate entities are not liable for one

2

another's actions.

King's complaint, however, clearly makes allegations against both Homeward and Ocwen. It states that "Ocwen began servicing [King's] loan in about March of 2013" and that the "[d]efendants" charged her monthly. Second Am. Class Action Compl. ¶¶ 12, 42. The complaint also alleges that both Homeward and Ocwen profited from their conduct and that Ocwen was the entity responsible for cancelling and reimbursing the charges wrongfully imposed. *Id.* ¶¶ 20, 45. Thus, King is attempting to hold Ocwen liable for its own conduct and not merely for the conduct of Homeward.

Even if the facts stated by defendants are true, they do not demonstrate that defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment [Doc. No. 121] is denied.

IT IS SO ORDERED this 1st day of August 2017.

                                                      UNITED STATES DISTRICT JUDGE